# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 1:14-cv-01100- JLT<br><br>ORDER GRANTING IN PART DEFENDANT'S REQUEST FOR A SECOND EXTENSION OF TIME<br><br>(Doc. 18) |

On June 22, 2015, the parties stipulated for Defendant to have a second extension of time to file a response to Plaintiff's opening brief. (Doc. 18) The Scheduling Order allows for "a single thirty (30) day extension" by stipulation of the parties. (Doc. 5-1 at 4.) The parties were informed that any further extensions of time must be requested by written motion, and would not be granted without good cause. (*Id.*) The extension by stipulation was used by Plaintiff to serve a confidential letter brief. (Doc. 17 at 2.) Therefore, the Court construes the parties' stipulation to be a motion by Defendant for a second extension of time.

Significantly, Defendant previously requested an extension of time to respond to Plaintiff's opening brief in this action, which was filed on April 20, 2015. (*See* Docs. 15, 16.) The Court granted the request, and ordered Defendant to file a response "on or before **June 19, 2015**." (Doc. 17 at 2, emphasis in original.) In addition, the Court cautioned the parties that "no further extensions of time will be granted without a showing of exceptional good cause." (*Id.*) Despite this warning, Defendant

1

failed to file a response to the opening brief by the deadline imposed by the Court.  Rather, Defendant filed the request now before the Court on June 22, 2015, seeking an additional thirty days to file a response to the opening brief.  (Doc. 18.)

Defendant reports the additional time is necessary for counsel "to properly consider the issues raised in Plaintiff's MSJ and because of preplanned leave in June." (Doc. 18 at 1.)  However, Defendant should have been aware of the issues raised by Plaintiff which were outlined in the confidential letter brief provided on February 12, 2015.  (*See* Doc. 13 at 1.)  Further, presumably, Defendant's counsel was aware of his "preplanned leave" when he filed a request for an extension of time on May 26, 2015.

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). The deadlines are considered "firm, real and are to be taken seriously by parties and their counsel." *Shore v. Brown*, 74 Fed. R. Serv. 3d (Callaghan) 1260, 2009 U.S. Dist. LEXIS 94828 at *7 (E.D. Cal. Oct. 9, 2009).  Here, Defendant's counsel disregarded the deadline imposed by the Court, and has not demonstrated good cause for the requested additional extension of thirty days.  Nevertheless, Plaintiff's counsel indicates she does not oppose an extension.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's request for an extension of time is **GRANTED IN PART** and
2. Defendant **SHALL** file a response to Plaintiff's opening brief no later than **July 6, 2015**. **Absolutely no additional requests for extensions of time will be considered absent a showing of exceptional good cause.**

IT IS SO ORDERED.

Dated:   **June 22, 2015**          /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE